KENTUCKY BOARD FOR LICENSING HEARING AID DEALERS et al., Appellants,

v.

Louis RALLO et al., Appellees.

Supreme Court of Kentucky.

April 22, 1977.

Ed W. Hancock, Atty. Gen., Mary Ann Delaney, Asst. Atty. Gen., Frankfort, for appellants.

Winfrey P. Blackburn, Jr., Ralston W. Steenrod, Carl K. Helman, Louisville, for appellees.

JONES, Justice.

This litigation involves an interpretation of KRS 334.190, the "grandfather clause" contained in KRS Ch. 334, which regulates hearing aid dealers and fitters. The Kentucky Board for Licensing Hearing Aid Dealers and its individual members prosecute this appeal from a final order granting summary judgment to Rallo and seven other hearing aid dealers. The trial court held that the legislative intent of KRS 334.190 was to exempt from the requirement of examination those persons who were dealers for a period of two out of three continuous years prior to June 16, 1972. He held that Rallo and seven other hearing aid dealers were within the exception of the "grandfather clause." KRS 334.190.

The sole issue presented in this appeal is whether Rallo and the seven other hearing aid dealers are entitled to licenses without examination under the "grandfather clause." KRS 334.190.

Louis Rallo and seven other hearing aid dealers applied for hearing aid licenses as required by KRS Ch. 334. They invoked KRS 334.190 to avoid the required licensing examination.

KRS 334.190 provides:

"For a period of six months following June 16, 1972, an applicant for a license shall be issued a license without examination provided applicant:

(1) has been principally engaged as a hearing aid *dealer or fitter* for a total of at least two (2) continuous years within a period of three (3) years immediately prior to June 16, 1972; (emphasis added)

(2) is a person of good moral character;

(3) is eighteen (18) years of age or older; and

(4) is free of contagious or infectious disease."

Rallo and the seven others were formerly active in the sale and fitting of hearing aids. However, during the time prescribed by statute Rallo and the others had occupied executive and managerial positions.

The Board for Licensing Hearing Aid Dealers requested that Rallo and the seven other hearing aid dealers submit a list of the names and addresses of ten individuals each had personally tested and fitted with a hearing aid during the time preceding June 16, 1972. Rallo and the other dealers refused to supply such information.

Thereafter the Board for Licensing Hearing Aid Dealers notified Rallo and the others that if they continued to withhold the requested information each would be required to take the licensing examination or cease and desist from selling hearing aids. Subsequently the hearing aid licensing board notified Rallo and the others they were not eligible for licensing under the "grandfather clause."

Rallo and the other dealers filed an appeal in the circuit court. The trial court granted summary judgment to Rallo and the others. He held that the word "dealer" was to be construed as to its common ordinary meaning; that is, one who buys to sell. He also held that Rallo and the other hearing aid dealers were exempt from the licensing requirements of KRS Ch. 334.

A dealer is ordinarily defined as one who buys to sell. Webster's Third New International Dictionary (1966); Black's Law Dictionary (4th Edition 1957). Although admitting that the ordinary meaning of "dealer" would entitle Rallo and the seven other hearing aid executives to licensing without the necessity of examination, the licensing board contends that within the hearing aid industry "dealer" has assumed a technical or trade usage. The licensing board contends that a "dealer" within that industry is "one who sells, in addition to fitting, hearing aids." The board's interpretation would require Rallo and the seven other hearing aid executives to demonstrate that each had personally fitted hearing aids during the statutorily prescribed period in order to be exempted from the required licensing examination.

Rallo and the other hearing aid executives contend that the use of the words "dealer" and "fitter" throughout the chapter constitutes a legislative recognition of

two separate and distinct activities within the industry. They argue that such usage militates against the board's interpretation of the word "dealer" as one who sells in addition to fitting hearing aids. As dealers of hearing aids during the statutorily prescribed period, Rallo and the seven other executives assert that the clear wording of the "grandfather clause" entitled them to licenses without any demonstration that they had fitted hearing aids.

The interpretation of statutes in this Commonwealth is governed by the provisions of KRS 446.080, which require that all statutes be liberally construed to promote their objectives and that all words be construed according to their common and approved usage, unless they have acquired a peculiar meaning.

The purpose of KRS Ch. 334 is to protect the public from abuses within the hearing aid industry. To accomplish this purpose, the legislation established a board for the examination and licensing of hearing aid dealers and fitters and the general policing of the industry. Under this chapter no person may engage in the "sale of or practice of fitting hearing aids" unless he holds a valid license from the board. KRS 334.-020. Except for certain limited exceptions, such a license will only be issued to persons who have, by examination, demonstrated a knowledge of and proficiency in techniques pertaining to the fitting of hearing aids. KRS 334.070. The objective of these provisions is to insure that all future licensees, whether dealers or fitters, will have a basic competency in the fitting of hearing aids. That objective, the board argues, will be thwarted by allowing Rallo and the other hearing aid executives to become licensed without an examination or demonstration of their competency to fit hearing aids. Such an argument ignores the specific legislative intent of the provisions of KRS 334.-190.

It is not the general intent of the legislature in enacting KRS Ch. 334 that is relevant, but the specific legislative purpose in enacting the "grandfather clause" of that chapter. This court has held that the purpose of a "grandfather clause" in initial regulatory legislation is to satisfy the dictates of fairness by affording relief to previously established enterprises. *Commonwealth Air Transport v. Stuart*, 303 Ky. 69, 196 S.W.2d 866, 869 (1946). In varying degrees, such clauses exempt from regulation those individuals and enterprises operating in an area prior to its regulation and who have acquired rights which would be adversely effected by the legislation. "Grandfather clauses" are purposeful legislative concessions to those pioneers or established entities in an area which have actively sought the regulatory legislation. If the words "dealer or fitter" may be taken at their common meaning, Rallo and the other hearing aid executives are clearly entitled to the relief afforded by KRS 334.190.

A determination of whether the legislature intended the trade or common meaning for the word "dealer" requires an examination of the use of the words "dealer" and "fitter" within KRS Ch. 334. Although nowhere are the words "dealer" and "fitter" individually defined, KRS 334.010 defines the "practice of fitting and dealing" in hearing aids as "the measurement of human hearing by means of an audiometer or by other means devised for the purpose of making selections, adaptions and sales of hearing aids to compensate for hearing loss." The most logical interpretation of that definition is that "fitting" subsumes the measurement of hearing and the selection of the most appropriate device to compensate for hearing loss, while "dealing" is the sale of the hearing aid so fitted. This interpretation is supported by a number of instances within the chapter in which the word "fitter" appears without the word "dealer." In those instances the words "sale of hearing aids" are used to segregate that activity from "fitting." For example, in KRS 334.040(2) certain persons, authorized to fit hearing aids, are exempt from licensing "so long as they do not engage in the sale of hearing aids." See also KRS 334.030(1); 334.110. These instances compel the conclusion that the legislature contemplated two separate activities within the

hearing aid industry, "fitting" and "dealing." The legislature's use of the phrase "engaged in the sale of" interchangeably with the word "dealer" sufficiently demonstrates a legislative adoption of the common meaning of the word "dealer." The use of that common definition gives the provisions of KRS Ch. 334 an internal consistency and clearly defines their scope and degree of regulation. The suggested trade usage, if applied, would render many of the passages redundant.

The board concedes that most states have adopted statutes which provide no individual definition of the words "fitter" or "dealer," but define the practice of fitting and dealing in hearing aids much as it is defined in KRS 334.010(5). The definitional statutes of the three states cited to this court as evidencing a trade usage of "dealing" are not persuasive, nor do they necessarily support the board's position. Further, the board offered no expert testimony or other evidence at trial in support of their theory of trade usage.

It is the purpose of "grandfather clauses" generally to relieve the established individuals from the adverse effects of initial regulatory legislation. The clear wording of KRS 334.190 would be to exempt certain qualifying "dealers" or "fitters" from the examination prerequisites to licensing. The words "dealer" or "fitter" in their common usage, both satisfy the general purpose of "grandfather clauses" and are consistent with the use of those words throughout the chapter. The use of the suggested trade meaning would not only be contrary to the principle of liberal construction of "grandfather clauses," but would also inject redundancy and confusion into otherwise clear wording. Rallo and the other executives, having sold hearing aids during the statutorily prescribed period therefore qualify for the relief provided by the "grandfather clause." KRS Ch. 334.190.

This court is of the opinion that the judgment should be and is affirmed.

All concur.